CHESTER S. COLE, as Captain of the Port, Respondent, *against* DARIUS H. JOHNSON, Appellant.

(Decided December 5th, 1881.)

The acts of the legislature which provide that the captain of the port shall collect each year from the masters, owners, and consignees of certain specified classes of vessels "which shall be used or employed in the port of New York, or which shall arrive at and load and unload therein, the sum of one and one half of one cent per ton, to be computed on the tonnage," &c. (L. 1867, c. 256), and that "the collector of tolls for the City of New York shall not give permits or clearances to any canal boats navigating the waters of this state until the captain or master has paid or satisfied the annual fee of one dollar and a quarter due the harbor-masters, &c. (L. 1871, c. 205), are within the prohibition, in the constitution of the United States, that "no state shall, without the consent of Congress, lay any duty of tonnage."

APPEAL from a judgment of a district court in the City of New York.

The facts are stated in the opinion.

*Carpenter & Mosher*, for appellant.

*Charles S. Berry*, for respondent.

VAN HOESEN, J.—This action is brought by the captain of the port to recover from the defendant certain fees which it is

Cole *v.* Johnson.

alleged are due to the plaintiff under the statutes of the State of New York.

The first statute on which the plaintiff relies is chapter 256 of the Laws of 1867, which provides that for the purpose of securing just compensation to the captain of the port and the harbor-masters, for the various services which the law requires them to perform, the captain of the port shall be entitled to collect and receive, once in each year, from the masters, owners and consignees of the following mentioned vessels which, prior to the passage of the act, were exempt from the payment of fees, namely; all sound and river steamboats, ferry-boats, lighters, tugs, canal-boats and barges, or other vessels of the United States, which shall be used or employed in the port of New York, or which shall arrive at and load or unload therein; the sum of one and one half of one cent per ton, to be computed on the tonnage expressed in the register or enrollment of such boat, ship or vessel. The other statute relied on by the plaintiff is chapter 205 of the Laws of 1871, which provides that the collector of tolls for the City of New York shall not give permits or clearances to any canal boats navigating the waters of this State, until the captain or master has paid or satisfied the annual *fee of one dollar and a quarter due the harbor-masters and now imposed by law.*

The defense is that the sum claimed is a tonnage tax, which the State of New York is prohibited by the constitution of the United States from imposing, and that the acts of the legislature, under the authority of which this action is brought, are invalid, because unconstitutional.

The Supreme Court of the United States has, I think, decided every question upon which this case turns.

It is said that the canal-boat, for the fee on which this suit was brought, is not a vessel of the United States, because she is employed in commerce between ports and places in the State of New York. As matter of fact, she is frequently employed in commerce between this state and New Jersey and Pennsylvania. The law of Congress formerly required that a canal-boat should be registered or enrolled and licensed ; and, said

Mr. Justice CLIFFORD, in delivering the opinion of the court in the *State Tonnage Tax Cases* (12 Wall. 225), "Ships or vessels of ten or more tons burden, duly enrolled and licensed, if engaged in commerce on waters which are navigable by such vessels from the sea, are ships and vessels of the United States, entitled to the privileges secured to such vessels by the act for enrolling or licensing ships or vessels to be employed in the coasting trade." Though it is no longer necessary that a canal-boat should be enrolled and licensed, it is nevertheless entitled to the immunity from tonnage duty enjoyed by a vessel of the United States.

The law is, that vessels owned by the citizens of a state, and exclusively engaged in trade between places in the state, are protected by the provision that "no state shall, without the consent of Congress, lay any duty of tonnage" (12 Wall. 225; *Peete* v. *Morgan*, 19 Wall. 584). In the case of the *Steamship Company* v. *Portwardens* (6 Wall. 31), Chief Justice CHASE, delivering the opinion of the court, said, "In the most obvious and general sense, the words, *a duty of tonnage*, describe a duty proportioned to the tonnage; a certain rate on each ton. But it seems plain that, taken in this restricted sense, the constitutional provision would not fully accomplish its intent. The general prohibition upon the states against levying duties upon imports would have been ineffectual if it had not been extended to duties on the ships which serve as the vehicles of conveyance. This extension was doubtless intended by the prohibition of any duty of tonnage. It was not only a pro rata tax which was prohibited, but any duty on the ship, whether a fixed sum upon its whole tonnage, or a sum to be ascertained by comparing the amount of tonnage with the rate of duty."

The Supreme Court of the United States, in *Cannon* v. *New Orleans* (20 Wall. 577), has expressly re-affirmed the doctrine of the opinion of Chief Justice CHASE, in the case of the Portwardens. Mr. Justice MILLER said, in the Cannon case, that any duty or tax or burden imposed by the authority of a state, which is in its essence a contribution claimed for the privilege of arriving and departing from any port of the

United States, and which is assessed on a vessel according to its carrying capacity, is a violation of the constitution unless the consent of Congress be obtained.

Any act of the legislature of a state which lays a duty upon tonnage is void and of no effect unless consent to its enforcement be obtained from Congress. This is so, because the constitution expressly forbids the state to impose such a duty without the consent of Congress ; and that consent cannot be implied, or regarded as having been granted, because Congress has not seen fit to legislate on the subject, or to impose such a duty for the benefit of the United States.

The acts of the legislature, which are before us for examination, give the captain of the port and the harbor-masters a right to the fee, although they render no service whatever to the vessel, and though she never touches at a wharf in the District of New York. This is in effect, claiming a contribution from the owners of the vessel for the privilege of arriving and departing from this port. Such a claim has been decided again and again, by the Supreme Court, to be illegal and unconstitutional (*Cannon* v. *New Orleans*, 20 Wall. 577 ; *Inman Steamship Co.* v. *Tinker*, 4 Otto, 243).

In the language of the court, in the case last cited, such a tax is exacted where nothing is to be paid for, and has no reference to any circumstances in this connection but the tonnage of the vessel and the class to which it belongs.

If the boat " shall be used and employed in the port of New York," or " shall arrive and load or unload therein," whether the harbor-masters render her any service or not, the act provides that the fee shall be paid. It is idle, therefore, to contend that the harbor-masters are only claiming compensation for their services.

If it had been the intent of the legislature to provide that the harbor-masters should be compensated for their labor, it would have been proper and constitutional to fix a fee for the work actually performed ; but not even for the purpose of paying officials, could a tonnage duty be imposed, without the leave of Congress.

The judgment should be reversed.

J. F. Daly, J., concurred.

Judgment reversed.